UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SUPERIOR COURT,<br><br>　　　　　Defendant. | No. 2:24-cv-1585 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a pretrial detainee being held in the Sacramento County Superior Court pending trial. Plaintiff seeks leave to proceed in forma pauperis, but in light of the recommended dismissal of this action, his request to proceed in forma pauperis should also be denied. As discussed below, this action should be dismissed.

Plaintiff's "Petition"

Plaintiff's initial filing was written on a form entitled "Petition for a Writ of Mandate," but plaintiff crossed out "mandate" and wrote "certiorari." (ECF No. 1 at 1.) Above that, plaintiff wrote "request to stay superior court proceedings." (Id.) Plaintiff lists his two criminal cases pending in the Sacramento County Superior Court, both of which are set for trial on July 22, 2024: People v. Ronald Eugene James, Nos. 19FE014992 and 19FE021761. (ECF No. 1 at 1.) Plaintiff also references a petition for writ of mandate he filed in James v. The Superior Court of

///

1

Sacramento County, No. C100548, which was denied on March 8, 2024.[1]  After recounting the details of his underlying criminal proceedings in state court, plaintiff claims that on January 16, 2024, in 19FE021761, plaintiff filed a motion to dismiss count one and aggravating factors, and the state superior court denied the motion about the same day.  (ECF No. 1 at 17.)  As relief, plaintiff asks this Court to "issue its peremptory writ commanding [defendant] to 1) dismiss the case with prejudice; 2) dismiss count one with prejudice; and 3) dismiss with prejudice the aggravating factors.  (ECF No. 1 at 18.)

Plaintiff's Motion to Stay State Criminal Proceedings

Along with his petition, plaintiff also filed a separate motion styled, "Motion to Stay Superior Court Proceedings."  (ECF No. 3.)  Plaintiff claims he has exhausted all state court remedies and asks this Court to stay the pending criminal proceedings until the district court has rendered a decision on this matter.[2]  (Id.)

Younger Abstention

Regardless of whether plaintiff seeks a writ of mandate or a writ of certiorari, plaintiff challenges pretrial proceedings with respect to Sacramento County criminal case nos. 19FE014992 and 19FE021761.

Federal courts cannot interfere with pending state criminal proceedings absent extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.  The address for the Sacramento Superior Court Public Case Access System is https://services.saccourt.ca.gov/PublicCaseAccess/.

[2] Plaintiff also claims that the Sacramento County Superior Court had a trial without petitioner's knowledge, consent, or presence, citing his exhibits 1 and 2. (ECF No. 3.)  However, plaintiff's exhibits are both remitturs from the state appellate court to the trial court, and neither evidence a trial. (ECF No. 1 at 7-12.)  Plaintiff also relies on two internal messages between plaintiff and jail staff concerning a March 2022 court appearance.  (ECF No. 1 at 2-3.)  However, the jail staff's erroneous description of plaintiff's court appearances as "for sentencing" does not demonstrate that plaintiff was tried in absentia, and current state court records confirm that both criminal cases remain pending and are currently set for trial in July of 2024.

U.S. 37, 45-46 (1971).  Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'"  Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

In this case, nothing in plaintiff's filings demonstrate a great and immediate threat of irreparable injury as a result of extraordinary circumstances necessary for this court to be justified in reviewing ongoing state court proceedings.  In addition, the state court dockets confirm that plaintiff is represented by counsel in both criminal cases, and plaintiff's concerns about charges and any alleged constitutional errors can be raised in those criminal proceedings.  Because the Court is required to abstain under Younger, the petition must be dismissed.  In light of such dismissal, plaintiff's motion for stay of criminal proceedings should also be denied.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's motion to stay state court proceedings (ECF No. 3) be denied; and

3. The petition (ECF No. 1) be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971), and this action be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 6, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/jame1585.56

4